IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-02610-CNS

KHAMALA KAM,

      Petitioner,

v.

GEORGE VALDEZ, Acting Field Office Director of Enforcement and Removal
Operations, Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, Department of Homeland Security, in his official
capacity;
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity;
JUAN BALTASAR, Warden of the Denver Contract Facility, in his official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

      Defendants.

---

**ORDER**

---

Before the Court are Petitioner's Opposed Motion to Clarify and Supplement the

Court's Order Granting Habeas Relief and Enjoining Re-Detention, ECF No. 14, and

Respondents' Motion to Vacate Order in Part (ECF No. 11) and Response to Petitioner's

Motion to Clarify and Supplement the Court's Order Granting Habeas Relief and Enjoining

Re-Detention (ECF No. 14), ECF No. 18.[1] For the reasons explained below, the Court

---

[1] The arguments put forth in Respondents' motion are identical to those in Respondents' response to Petitioner's motion to clarify. *Compare* ECF No. 17 *and* ECF No. 18.

hereby GRANTS IN PART and DENIES IN PART Petitioner's motion to clarify and supplement, ECF No. 14, and GRANTS Respondents' motion to vacate, ECF No. 18.

## I.    ANALYSIS

On June 23, 2026, the Court granted Petitioner's habeas petition and ordered Respondents to immediately release Petitioner from immigration detention. ECF No. 11 (the Order). In doing so, the Court explained that immediate release was the appropriate remedy because "Petitioner is subject to a final order of removal, has been detained for over six months, and there is not a significant likelihood of removal in the reasonably foreseeable future." *Id.* (citing *See Tran v. Baltazar*, No. 1:26-cv-00940-CNS, 2026 WL 764002, at *3 (D. Colo. Mar. 18, 2026)). The motions now before the Court were filed in response to the Order. ECF Nos. 14, 18.

In Petitioner's motion, he (1) requests that the Court order Respondents to amend the order of supervision recently imposed on Petitioner which added new conditions of release not previously in-place prior to Petitioner's recent detention; and (2) seeks to clarify the scope of the Court's order enjoining Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. *See* ECF No. 14. For their part, Respondents' response and motion objects to Petitioner's requested relief and asks the Court to vacate the same portion of the Court's Order about which Petitioner asks for clarity. ECF No. 18. The parties' arguments are considered below.

**A.      Petitioner's Motion to Clarify and Supplement**

*1.  Request to Supplement the Order*

In his motion, Petitioner seeks supplemental relief from the Court and asks it to expand the scope of its Order regarding the procedures Respondents must follow at any future bond hearing. ECF No. 14 at 5–6. However, as explained below, such relief is not proper.

Although certain noncitizens held in immigration detention may be entitled to a bond hearing, that procedure applies only if noncitizen's immigration proceedings are still pending, and the noncitizen is not already subject to a final order of removal. *See, e.g.*, *Sanchez v. Mullin*, No. CIV-26-547-R, 2026 WL 972899, at *3 (W.D. Okla. Apr. 10, 2026), *report and recommendation adopted*, No. CIV-26-547-R, 2026 WL 1082495 (W.D. Okla. Apr. 20, 2026) ("[A]ny argument that Petitioner is entitled to a bond hearing or release from detention during the pendency of his removal proceedings, such as under § 1226(a), is not applicable to a noncitizen . . . who has a final order of removal.") (citing *See Castillo v. De Andra Ybarra*, No. CIV 25-1074, 2026 WL 370497, at *44 (D.N.M. Feb. 10, 2026)). However, once a noncitizen has received a final order of removal, as Petitioner has here, *see* ECF No. 11, the statutory authority to detain or release them from civil immigration detention stems from 8 U.S.C. § 1231(a). *See also Saroyan v. Baltazar*, No. 26-cv-01772-NYW, 2026 WL 2137149, at *2 (D. Colo. July 24, 2026) (citing *Edlicico v. Baltasar*, No. 26-cv-02406-STV, 2026 WL 1745680, at *3 (D. Colo. June 17, 2026)). Federal regulations also apply such that when a noncitizen with a final order of removal is not removed within

the statutorily mandated 90-day removal period, the government may release the noncitizen on an order of supervision, *see* 8 C.F.R. §§ 241.4, 241.13, as it did for Petitioner here in 2011.

"Once a noncitizen subject to an Order of Removal has been released from detention under an Order of Supervision, there are detailed regulations concerning when and how that Order of Supervision may be revoked." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 694 (S.D. Tex. 2025) (citing *See* 8 C.F.R. § 241.4(*l*)). Though it is not clear from the briefing which specific revocation regulations apply to Petitioner's particular situation, the relevant regulations nevertheless "require ICE to 'articulate a meaningful, individualized basis for revocation sufficient to give the noncitizen notice of the grounds for re-detention and an opportunity to respond.'" *Mejia*, 828 F. Supp. 3d at 280 (citing *Vo v. Lyons*, Civ. No. 25-cv-533-JL-TSM, 2026 WL 323133, at *4 (D.N.H. Jan. 27, 2026)).[2] Such procedural safeguards are intended to "'provide due process protections to [noncitizens] . . . as they are considered for continued detention, release, and then possible revocation of release.'" *Virachak v. Baltazar*, No. 26-cv-00391-STV, 2026 WL 746285, at *2 (D. Colo. Mar. 17, 2026) (citing *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025)).

Although Petitioner's motion does not acknowledge these regulations or identify which regulations apply to him, Respondents nevertheless represent that the revocation

---

[2] The Court is uncertain under which regulation Petitioner was released pursuant to an order of supervision. However, that is immaterial because "[b]oth regulations allow for the revocation of release previously granted thereunder." *Mejia v. US Immigr. & Customs Enf't & Removal Operations*, 828 F. Supp. 3d 273, 278 (D.N.H. 2026).

procedures in 8 C.F.R. § 241.13(i) would apply if Respondents attempt to revoke Petitioner's release in the future. *See* ECF No. 17 at 6. Upon review of this regulation, the Court notes that it provides, in substance, much of the additional relief Petitioner seeks, *see* ECF No. 14 at 8, including for example requiring that Respondents provide Petitioners with sufficient notice of the reasons for revocation.[3]

To the extent Petitioner asks the Court to impose additional procedural requirements on Respondents beyond what is provided for in the relevant regulations, the Court sees no reason to do so at this time because the regulations require that justification for any future revocation be communicated to Petitioner "in a manner that permit[s] him to meaningfully respond." *Mejia*, 828 F. Supp. 3d at 281 (D.N.H. 2026). Should Respondents attempt to revoke Petitioner's release without following the applicable regulatory requirements in the future, Petitioner could seek relief by filing a new habeas petition. *See, e.g.*, *Saroyan*, 2026 WL 2137149, at *3 ("Courts across the country routinely hold that ICE violating its own regulations in detaining an individual is a due process violation, and this violation makes the detention unlawful and the proper remedy is

---

[3] For example, Petitioner asks the Court to order Respondents to provide Petitioner with written notice describing "the factual and legal basis on which Respondents seek to justify re-detention," should they seek to revoke his release in the future. ECF No. 14 at 8. However, according to Respondents' representation, if that were to occur, 8 C.F.R. § 241.13(i)(3)—which requires that a noncitizen "be notified of the reasons for revocation of his or her release"—would already apply to Petitioner's case. As other courts have found, revoking a noncitizen's release without providing them with a written decision explaining the circumstances that purportedly justify their re-detention can constitute "[non]compliance with the . . . regulations." *Saroyan*, 2026 WL 2137149, at *1, *3; *see also Nadurath v. Mullin*, No. CIV-26-487-JD, 2026 WL 1257467, at *5 n.9 (W.D. Okla. May 7, 2026) (explaining that the "requirement" that a noncitizen be provided with "written notice tracks the requirements of another ICE regulation, § 241.4(d)"); *Mejia v. US Immigr. & Customs Enf't & Removal Operations*, 828 F. Supp. 3d 273, 281 (D.N.H. 2026) (where required by regulation, information about revocation of a noncitizen's release must be communicated to the noncitizen "in a manner that permit[s] him to meaningfully respond"). The Court agrees with that reasoning.

release.") (citing *Olivera-Martinez v. Valdez*, No. 26-cv-01120-NYW, 2026 WL 1361538, at *3 (D. Colo. May 15, 2026) (collecting cases)); *Gonzalez Garcia v. Baltazar*, No. 26-cv-02388-NYW, 2026 WL 2128457, at *3 (D. Colo. July 23, 2026) (where Respondents fail to follow the regulatory requirements attendant to the revocation of a noncitizen's release, the noncitizen's detention "violates due process, and release is the appropriate remedy").

Accordingly, to the extent Petitioner requests that the Court impose additional requirements on Respondents beyond ensuring their compliance with the regulatory requirements discussed above, his request is denied.

### 2. *Request to Clarify the Order*

In addition to the foregoing, Petitioner also contends that Respondents' imposition of new conditions of release in Petitioner's recent Order of Supervision (the 2026 OOS) that were not in his previous Order of Supervision (the 2011 OOS) is improper. ECF No. 14 at 6–8. In response, Respondents contend that the new conditions are "not subject to judicial review" and, as a result, the conditions in the 2026 OOS should remain. ECF No. 17 at 8–10. Explained below, Respondents' argument is without merit.

As an initial matter, the Court notes that habeas relief is not limited to situations where "the applicant [is in] physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Thus, even though Respondents are correct that 8 U.S.C. § 1231(a)(3) permits Petitioner's release from immigration detention to be subject to "reasonable conditions of supervision," as the Court

6

has already acknowledged, *see* ECF No. 11 (citing *Engdawork v. Baltazar, et al.*, No. 1:26-cv-01922-CNS, 2026 WL 1599870, at *1 (D. Colo. June 4, 2026)), doing so in a manner that imposes *additional* conditions not previously included in Petitioner's 2011 OOS without following procedures that comport with due process is improper. *See, e.g.*, *Bello Gonzalez v. Mullin*, No. 5:26-cv-04142-DSR, 2026 WL 2280791, at *3 (C.D. Cal. Aug. 4, 2026) ("For the same reason that Respondents may not revoke [p]etitioner's [release] without affording him due process, they also may not change the conditions of that release without affording [p]etitioner due process, including by adding a condition of electronic monitoring if no such condition was in place prior to his . . . re-detention."); *Singh v. U.S. Immigr. & Customs Enf't*, No. 2:26-CV-01937-CV (KS), 2026 WL 638653, at *2 (C.D. Cal. Mar. 4, 2026) ("[N]on-citizens subject to an order of supervision are entitled to due process *before* the State deprives them of their liberty.") (citations omitted).

However, "[t]his does not mean that Respondents can never change the conditions of Petitioner's release – only that they have to follow due process in doing so." *Bello Gonzalez*, 2026 WL 2280791, at *3. This makes sense given that even when a noncitizen is not being physically held by Respondents in immigration detention, they can still "remain[] in custody through the conditions of release imposed by ICE." *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1258 (D. Colo. 2026). Accordingly, "[w]hen the revocation of a noncitizen's supervised release fails to adhere to regulatory procedures that safeguard noncitizens' due process rights, courts have found the appropriate remedy to be release *subject to the conditions of the noncitizen's previous order of supervision*."

*Mejia*, 828 F. Supp. 3d at 283 (collecting cases) (emphasis added). The Court agrees that this is the proper remedy in this instance, as it has found in other cases. *See, Molina Quijano v. Baltasar*, No. 1:26-cv-00706-CNS, 2026 WL 709753, at *2 (D. Colo. Mar. 13, 2026) (ordering that "Respondents SHALL NOT impose any additional conditions of release or supervision not previously imposed in connection with Petitioner's prior Order of Supervision"). Accordingly, Petitioner's motion is granted in part. Respondents may not impose additional release conditions above those included in the 2011 OOS without providing Petitioner with appropriate procedures that comport with due process.

## B.    Respondents' Motion to Vacate

In their motion, Respondents ask that the Court vacate its order enjoining and restraining Respondents from re-detaining Petitioner absent certain due process safeguards. ECF No. 18. Because the Court concludes above that procedural regulations other than the provision of a bond hearing apply to noncitizens like Petitioner with a final order of removal, Respondents' motion is GRANTED.

## II.    CONCLUSION

Consistent with the foregoing, Petitioner's motion to clarify, ECF No. 14, is GRANTED IN PART to the extent he requests that the Court order Respondents to impose only the conditions of Petitioner's release outlined in the 2011 OOS, and DENIED IN PART to the extent Petitioner seeks supplemental relief in connection with the Court's Order. Additionally, Respondents' motion to vacate, ECF No. 18, is GRANTED. The portion of the Court's prior Order enjoining and restraining Respondents "from re-

detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified," ECF No. 11, is hereby VACATED.

DATED this 12th day of August 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge